(No. 84-CC-042▮▮▮▮▮▮)

CHRISTOPHER SCHAEFER, Claimant, *v.* THE STATE OF ILLINOIS, Respondent.

*Opinion filed October 19, 1984.*

CHRISTOPHER SCHAEFER, *pro se*, for Claimant.

NEIL F. HARTIGAN, Attorney General (ROBERT J. SKLAMBERG, Assistant Attorney General, of counsel), for Respondent.

POCH, J.

This is a claim for property damage to an automobile which is alleged to have occurred by reason of the vehicle being struck by a traffffic control signal being blown onto the automobile.

At a hearing before a commissioner of this Court, Claimant testified that on May 6, 1982, at about 4 o'clock p.m., he was driving his automobile on Lawrence Avenue eastbound at or near the intersection of Lawrence Avenue and Canfield Road, City of Norridge, Illinois.

Immediately beyond the intersection, there was a light post with a 40-mile-per-hour speed limit sign affixed thereto. As Claimant proceeded past the intersection, the sign came off the post striking Claimant's automobile.

The sign weighed about 20 to 25 pounds and was about 2½ feet in length and three feet in width. It had a

hole in both top and bottom where it had been affixed to the pole. The holes had some sign of rust about them.

For his evidence of cost of repair, Claimant presented an unpaid repair estimate, which was inadmissible.

Respondent introduced into evidence a departmental report which indicated that on April 2 and 3, 1982, slightly over a month prior to the date of the accident, there were wind gusts in the area of the sign of 50 to 60 miles per hour. As a result of those wind gusts, the sign in question, among others, was inspected by a field traffic engineer and the sign was found not to be in need of repair.

Claimant presented no evidence of any prior actual or constructive knowledge of any defective condition of the sign. At the time of the incident in question, the wind was 23 miles per hour.

In cases such as the one before the Court, it must be shown that the State had actual or constructive knowledge of the defective conditions of the sign in question.

From the evidence before the Court, the Claimant failed to provide the Court with evidence of either actual or constructive knowledge of any defective condition of the sign.

For the above reasons Claimant's claim will be denied.